UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITRIY YEGOROV, | No. 2:14-cv-03003-TLN-AC |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Plaintiff, proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21). Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
2  490 U.S. at 327.

3      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
4  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
5  support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467
6  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)); Palmer v. Roosevelt
7  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under
8  this standard, the court must accept as true the allegations of the complaint in question, Hospital
9  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
10 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
11 McKeithen, 395 U.S. 411, 421 (1969).

12     The court finds that plaintiff's complaint does not state a claim, for two reasons. First and
13 foremost, plaintiff's complaint asserts § 1983 claims against the United States. However, § 1983
14 creates a cause of action against any person "acting under color of *State* law" who causes a
15 deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983 (emphasis added). Section 1983
16 does not create a cause of action against the United States, its agencies, or its agents.[1] Morse v.
17 N. Coast Opportunities, Inc., 118 F.3d 1338, 1343 (9th Cir. 1997). Accordingly, plaintiff has not
18 asserted a claim that could secure him any relief.

19     Second, even if plaintiff did assert a valid cause of action against defendant his complaint
20 fails to allege sufficient facts under any legal theory. Although the Federal Rules adopt a flexible
21 pleading policy, a complaint must give fair notice and state the elements of the claim plainly and
22 succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff's
23 complaint seems to allege some sort of government-wide conspiracy intended to terrorize him for
24 reasons that are unexplained. As a part of this conspiracy plaintiff alleges that he has been

---

26 [1] Typically, allegations of constitutional violations are brought against federal agents in the form
   of a Bivens claim. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S.
27 388, 397 (1971). However, Bivens claims are only cognizable against federal agents, not federal
   agencies. F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994). Accordingly, even if plaintiff had
28 asserted Bivens violations against defendant the court would still dismiss his complaint.

1   assaulted by government agents both in and outside of prison, ECF No. 1 at 3–4, 6–8, that the
2   Sacramento Sheriff's Department has ignored his unrelated complaints of assault by third parties,
3   id. at 3–5, and that he has been the target of assassination attempts, id. at 5.  Plaintiff's complaint
4   does not specify who, exactly, associated with the federal government violated his constitutional
5   rights.  Instead, plaintiff generally alleges that his constitutional rights have been violated by
6   employees of the federal government.  See, e.g., ECF No. 1 at 5 (naming "government USA
7   employees" and "USA employees"), 6 (naming "[g]overnment USA").  To state a claim,
8   however, plaintiff must allege with at least some degree of particularity overt acts engaged in by
9   specific people supporting his claims.  Jones, 733 F.2d at 649.
10       Accordingly, plaintiff's complaint must be dismissed both because (1) § 1983 does not
11  create a cause of action that can be asserted against the federal government, and (2) plaintiff fails
12  to allege facts sufficient to state a claim.
13       Plaintiff is cautioned that if he chooses to file an amended complaint, he must submit a
14  short and plain statement in accordance with Federal Rule 8(a) pointing to some cognizable legal
15  theory that entitles him to relief.  Any amended complaint must also show that the federal court
16  has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if his
17  allegations are true.  The amended complaint should contain separately numbered, clearly
18  identified claims.
19       In addition, the allegations of the complaint must be set forth in sequentially numbered
20  paragraphs, with each paragraph number being one greater than the one before, each paragraph
21  having its own number, and no paragraph number being repeated anywhere in the complaint.
22  Each paragraph should be limited "to a single set of circumstances" where possible.  Fed. R. Civ.
23  P. 10(b). Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid
24  narrative and storytelling.  That is, the complaint should not include every detail of what
25  happened, nor recount the details of conversations (unless necessary to establish the claim), nor
26  give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should
27  contain only those facts needed to show how the defendant legally wronged the plaintiff.
28       Local Rule 15-220 requires that an amended complaint be complete in itself without

1 reference to any prior pleading. This is because, as a general rule, an amended complaint
2 supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once
3 plaintiff files an amended complaint, the original pleading no longer serves any function in the
4 case. Therefore, in an amended complaint, as in an original complaint, each claim and the
5 involvement of each defendant must be sufficiently alleged.

6      The court will also deny plaintiff's self-styled request to the court for a hearing to
7 subpoena evidence. ECF No. 3 at 1. Federal Rule 45 authorizes the issuance of a subpoena
8 commanding nonparties to attend and give testimony or to produce and permit inspection of
9 designated records or things. To the extent that plaintiff's motion can be interpreted as requesting
10 anything, however; it seems to seek leave of the court to add factual allegations to his complaint.
11 If plaintiff's intention in filing his motion was, indeed, to add factual allegations to his complaint
12 he may do so on amendment. Accordingly, the court will deny plaintiff's motion as moot.

13      In accordance with the above, IT IS HEREBY ORDERED that:

14     1.     Plaintiff's application to proceed in forma pauperis, ECF No. 2, is GRANTED;
15     2.     Plaintiff's request for a hearing to subpoena evidence, ECF No. 3, is DENIED;
16     3.     Plaintiff's complaint, ECF No. 1, is dismissed; and
17     4.     Plaintiff is granted thirty days from the date of service of this order to file an
18 amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,
19 and the Local Rules of Practice; the amended complaint must bear the docket number assigned
20 this case and must be labeled "Amended Complaint"; plaintiff must file an original and two
21 copies of the amended complaint; failure to file an amended complaint in accordance with this
22 order will result in a recommendation that this action be dismissed.

23 DATED: May 20, 2015

24                                           /s/ Allison Claire
25                                        ALLISON CLAIRE
                                       UNITED STATES MAGISTRATE JUDGE

26
27
28