UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITRIY YEGOROV,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant. | No. 2:14-cv-03003-TLN-AC<br><br><br>ORDER TO SHOW CAUSE |

    This matter is before the undersigned pursuant to Local Rule 302(c)(21).  Plaintiff filed his initial complaint on December 30, 2014, along with a motion to proceed in forma pauperis. ECF Nos. 1, 2.  Then, on May 13, 2015, plaintiff filed a request for a hearing to subpoena evidence.  ECF No. 3.  On May 20, 2015, the court granted plaintiff's motion to proceed in forma pauperis, denied his motion for a hearing to subpoena evidence, and dismissed his complaint for failure to state a claim upon which relief may be granted.  ECF No. 4.  The court gave plaintiff thirty (30) days to file an amended complaint.  Id.  On June 1, 2015, plaintiff filed an "objection"

/////

/////

/////

1

to the court's order, arguing that the court dismissed plaintiff's complaint in error.[1]  ECF No. 5. Plaintiff has yet to file an amended complaint.

      Accordingly, IT IS HEREBY ORDERED that plaintiff shall show cause in writing within fourteen (14) days of the date of this order why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

DATED: July 28, 2015

          /S/ Allison Claire_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's objection is difficult to follow, in part because it contains many incomplete sentences. What can be understood is primarily the assertion of entirely new facts with no clear connection to the complaint, and allegations that this court denied him his constitutional rights by denying his request for a hearing to subpoena evidence.  The court is unable to determine exactly what plaintiff is seeking other than, perhaps, the reconsideration of its order dismissing his complaint. To the extent plaintiff is seeking reconsideration, he has not asserted any new evidence or pointed to a change in the law that would merit reconsideration.  See Local Rule 230(j); Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009).